Christopher Ho, SBC No. 129845
William N. Nguyen, SBC No. 215259
The LEGAL AID SOCIETY
 -- EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

Attorneys for Plaintiff
FARM MENG SAEPHAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARM MENG SAEPHAN, | No. C 06-4428 JCS |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CERTAIN THIRD PARTY EMPLOYMENT INFORMATION** |
| v. | |
| OAKLAND UNIFIED SCHOOL DISTRICT; KIMBERLY STATHAM, State Administrator of the Oakland Unified School District; GOVERNING BOARD OF THE OAKLAND UNIFIED SCHOOL DISTRICT, | |
| Defendants. | |

Plaintiff FARM MENG SAEPHAN and Defendants OAKLAND UNIFIED SCHOOL DISTRICT; KIMBERLY STATHAM, State Administrator of the Oakland Unified School District; GOVERNING BOARD OF THE OAKLAND UNIFIED SCHOOL DISTRICT, (collectively "Defendants"), by and through their respective attorneys of record, agree as follows:

WHEREAS, Plaintiff commenced this action against Defendants;

WHEREAS, on March 15, 2007 the Court ordered Defendants to produce, pursuant to a protective order to be stipulated to by the parties:

**STIPULATION TO PROTECTIVE ORDER REGARDING
PRODUCTION OF THIRD PARTY EMPLOYMENT INFORMATION** Page 1

(a) Documents responsive to Plaintiff's Request for Production No. 21, *i.e.,* documents relating to the application materials of the three individuals named by Defendants as having been denied employment as custodians with Defendants as a result of Defendants' English proficiency requirement (Defendants have already produced these documents on a provisional "attorneys eyes only" basis); and

(b) Information responsive to Plaintiff's Interrogatory No. 9, including *inter alia* the name, national origin, sex, and race of each and every individual who applied for a custodian position with Defendants from the time that Defendants' English proficiency requirement was first implemented until the present time;

WHEREAS said documents and information ordered to be produced relate to individuals who are not involved as parties to this action;

WHEREAS, Defendants believe that producing such documents and information to Plaintiff will expose Plaintiff and others to information that Defendants consider to involve the rights of privacy of those non-parties under state and federal law;

WHEREAS, the parties wish to protect the privacy rights of these non-parties from any unnecessary disclosure;

IT IS THEREFORE STIPULATED, pending further order of the Court, that the following procedures shall govern all information produced pursuant to the Court's March 15, 2007 order:

1. The documents and other information described above at (a) and (b) are hereby collectively designated as "covered confidential third party employment information" subject to this Stipulated Protective Order. Absent agreement and/or court order to the contrary, this Stipulated Protective Order does not apply to information produced pursuant to any other discovery requests.

2.      Upon entry of this Stipulated Protective Order, covered confidential third party employment information shall be produced where required by the March 15, 2007 order, and shall not be withheld or otherwise objected to on the grounds of the right of privacy of current or former employees. Any other objections to the disclosure or production of such information are not waived by this Stipulated Protective Order.

3.      The names of third party applicants who applied for a custodian position with Defendant OUSD, but did not obtain employment with Defendant OUSD, shall be redacted from any response or document produced by Defendants in response to Plaintiffs' Interrogatory No. 9, provided that such third party applicants are adequately designated by number or other means that does not reveal their individual identities.

4.      Covered confidential third party employment information may be shown, or its contents disclosed, only to the following persons:

(a)     The parties to this action and their counsel of record;

(b)     Any individual retained by the parties' counsel of record to assist in the preparation and/or trial of the case; and

(c)     Any former agents or employees of the parties who, as a function of their former job duties with the parties, would have been entitled to have access to the information.

Covered confidential third party employment information shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the other side and gives it reasonable time to object, at least 30 calendar days. In the event of objection, the parties' respective counsel of record will make a good faith effort to resolve the dispute informally, pursuant to local rules and the Court's standing orders, before filing any motion with the Court relating to said dispute. If an objection is made in writing, the information shall not be disclosed until the Court has issued a decision determining that the

**STIPULATION TO PROTECTIVE ORDER REGARDING
PRODUCTION OF THIRD PARTY EMPLOYMENT INFORMATION**                                                                                 Page 3

disclosure of the document is appropriate.

5. Covered confidential third party employment information, or any information derived therefrom, shall be used solely for the purpose of assisting counsel of record in connection with this litigation and not any other purpose or for any other litigation matter.

6. The protections conferred by this Stipulation and Order apply not only to covered confidential third party employment information, but also to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal the covered confidential third party employment information.

7. The parties' respective counsel of record each agree to make all reasonable efforts to ensure compliance with this stipulated Protective Order. Any persons referred to in paragraphs 3(b) and (c) of this stipulated Protective Order who receives covered confidential third party employment information shall first read a copy of this stipulated Protective Order and agree in writing to abide by the terms thereof.

8. The parties enter into this stipulated Protective Order without prejudice to any party's right to object to the disclosure of any information on any ground that it may deem appropriate, and any party or non-party may, upon motion, seek relief from, or modification of, this stipulated Protective Order based on a showing of good cause.

9. The designation of any information as "covered confidential third party employment information" pursuant to this stipulated Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any confidential information in contemplation of law.

10. Challenging Confidentiality Designations: No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any "confidential third party employment information" designation.

    a. Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b. Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    c. Judicial Intervention: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding

**STIPULATION TO PROTECTIVE ORDER REGARDING
PRODUCTION OF THIRD PARTY EMPLOYMENT INFORMATION**     Page 5

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

11. If covered confidential third party employment information is improperly disclosed to any person other than in the manner authorized by this stipulated Protective Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

12. The parties agree that, prior to commencement of trial, they will enter into mutually agreeable stipulations and protective orders with respect to any "covered confidential third party employment information" to be disclosed at trial. Any unresolved disputes shall be resolved in accordance with the Federal Rules of Civil Procedure. Any party intending to utilize any covered confidential third party employment information in a law and motion matter or at trial should lodge the document under seal, pursuant to local rule, so as to preserve its confidentiality pending the Court's determination regarding whether a privilege exists that precludes the use of the document or other information as evidence or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

13. Even after the termination of this litigation, the confidentiality obligations imposed by this stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Upon final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either:

   (a) Assemble and return all material designated as protected third party employment information under this stipulated Protective Order, including all copies thereof, to the producing party and certify in writing that all such material has been returned; or

   (b) Certify in writing that all such material has been destroyed.

 14. If any person breaches this stipulated Protective Order, any person may notice a hearing to the Court requesting appropriate relief.

 15. All parties to this stipulated Protective Order have participated in drafting it.

Dated: April 9, 2007   The LEGAL AID SOCIETY
          -- EMPLOYMENT LAW CENTER

         By: /S/ Christopher Ho
           CHRISTOPHER HO

          Attorneys for Plaintiff
          FARM MENG SAEPHAN


         OFFICE OF THE GENERAL COUNSEL
         OAKLAND UNIFIED SCHOOL DISTRICT

         By: /S/ Roy Combs
           ROY COMBS

         Attorney for Defendants


**[PROPOSED] ORDER**

Good cause appearing, **IT IS SO ORDERED.**

Dated: 4/11/7           _____
             THE HONORABLE JOSEPH C. SPERO
             U.S. MAGISTRATE JUDGE