1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6

7 FARM MENG SAEPHAN,                                    No. C-06-4428

8          Plaintiff,

9     v.                                               **ORDER GRANTING IN PART AND
                                                       DENYING IN PART PLAINTIFF'S
                                                       MOTION FOR ATTORNEY'S FEES AND**
10 OAKLAND UNIFIED SCHOOL DISTRICT,                    **COSTS [Docket No. 87]**
   ET AL.,

11

12          Defendants.
   _____/

13 **I.      INTRODUCTION**

14          Plaintiff Farm Meng Saephan ("Plaintiff") brings a Motion for Attorneys Fees and Expenses

15 (the "Motion") following the settlement of her employment action against Defendants Oakland

16 Unified School District ("OUSD"), its State Administrator, and its Board  (collectively

17 "Defendants").  As part of the agreement, Defendants agreed to pay Plaintiff  $80,000 plus her

18 reasonable attorneys fees and expenses.  Plaintiff now seeks an award of $664,025.65 in attorneys'

19 fees and expenses.   Defendants do not dispute that Plaintiff is entitled to an award of reasonable

20 attorney's fees and costs but instead challenge the rates and hours sought.  The Court finds that the

21 Motion is suitable for a determination without oral argument, pursuant to Civ. L.R. 7-1(b).  For the

22 reasons stated below, the Motion is GRANTED in part and DENIED in part.  Plaintiff is awarded

23 $564,429.55 in attorneys' fees and expenses.[1]

24

25

26          [1]Plaintiff's fee request was initially $659,646.25.  Plaintiff's revised request reflects the
27 additional reductions taken in response to Defendants' Opposition (Reply Ho Decl., ¶¶ 25, 26; Reply
   Chang Decl., ¶¶ 19-21), as well as the additional time required for this motion. (Reply Ho Decl., ¶ 29
28 and Exh. A; Reply Chang Decl., ¶ 22; Reply Pearl Decl., ¶ 2 and Exh. A).  The Court notes that the
   decision on this motion has been considerably delayed.  The Court thanks the parties for their patience
   in this regard.

**United States District Court**
For the Northern District of California

## II.     BACKGROUND

Plaintiff Farm Meng Saephan filed this action on July 19, 2006 against Defendants.  Her complaint alleged that Defendants discriminated against her on the basis of national origin (language discrimination) and sex, in violation of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000, *et seq*. Ms. Saephan immigrated to the United States from Laos in 1980.  She worked as a custodian for Oakland Unified from 2001 until 2003, when she was laid off due to budget cuts.  In October 2004, after funding was increased, Ms. Saephan was rehired as a full-time custodian.  However, after submitting the paperwork required to be rehired, Defendant OUSD rescinded the offer citing Ms. Saephan's inability to speak, read, and understand English at an eighth grade level.  (Ho Decl., ¶ 10.)

After filing a claim with the California Department of Fair Employment and Housing ("DFEH"), Plaintiff was eventually referred to the not-for-profit Legal Aid Society-Employment Law Center ("LAS-ELC").  (Huang Decl. ¶¶4-6.)  LAS-ELC filed this action in July 2006, and brought in the American Civil Liberties Union ("ACLU") as co-counsel in June 2007.  Throughout the course of the lawsuit, the parties engaged in substantial discovery practice, both written and oral, which included ten depositions and meeting and conferring on various discovery disputes.  In addition, Defendant OUSD served a motion to dismiss, which was opposed, although eventually withdrawn before oral argument.  To support her claim that defendant OUSD's English-only policy was unlawfully discriminatory, Plaintiff's counsel hired and consulted with numerous experts, including an industrial psychologist, a statistician, a labor economist, and two education professors who specialize in linguistics and English language learning.  In addition, the parties engaged in five settlement sessions under the Court's ADR program.  In November, 2007, the parties reached an initial settlement of Plaintiff's claims.  As a result of the settlement, Defendants agreed to pay Plaintiff $80,000 in damages, plus her reasonable attorneys' fees and expenses, to be submitted to the Court through this Motion.

Plaintiff filed this Motion on July 21, 2008, initially seeking a total of $659,646.25 in fees and costs.  In its Opposition, Defendants assert that the fees sought are unreasonable for the following reasons: 1) Plaintiff's attorneys' hourly rates are excessive and should be reduced; 2)

Plaintiff's fees should be reduced because of the lack of a monthly billing audit; 4) Plaintiff seeks fees for duplicative attendance at various proceedings; 5) Plaintiff is not entitled to fees for time billed for the ACLU attorneys to familiarize themselves with the case; 6) minor accounting errors appear to overstate time billed; 7) Plaintiff seeks excessive fees relating to depositions; 8) Plaintiff seeks excessive fees for time billed for opposing Defendants' Motion to Dismiss; 9); Plaintiff seeks excessive fees for the settlement agreement and mediation and settlement briefs; 10) other fees sought by Plaintiff are excessive; and 11) all of the foregoing supports an across-the-board percentage cut of 50% of Plaintiff's attorneys' time billed.  Plaintiff filed additional declarations in support of her Reply brief addressing the reasonableness of her attorneys' rates and their time billed. In addition, Plaintiff revised her fee request to eliminate certain hours and add additional fees for time spent drafting the Reply to Defendants' Opposition.  As a result of these changes, Plaintiff's revised request is $664,025.65 in attorneys' fees and costs.

**III.    ANALYSIS**

      **A.    <u>Legal Standard</u>**

      Under Title VII, a successful plaintiff is entitled to reasonable attorneys' fees.  42 U.S.C. § 2000e-5(k).  The starting point for determining reasonable fees within this Circuit is calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (*citing Hensely v. Eckerhart*, 461 U.S. 424 (1983)).  In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).  To determine a reasonable rate for each attorney, the Court must look to prevailing rate in the community for similar work preformed by attorneys of comparable skill, experience, and reputation.  *Id.* at 1210-11.

      In calculating the lodestar, the Court should consider any relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).  *Jordan*,

3

United States District Court

For the Northern District of California

815 F.2d at 1264 n. 11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*).[2]  It is up to the party seeking an award of fees to submit evidence supporting the hours worked and the rates claimed.  *Hensley, supra*, 461 U.S. at 433.  To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may also be considered in determining whether the fee award should be adjusted upward or downward.  *Chalmers*, 796 F.2d at 1212.   However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. A reduced fee award may be appropriate where a plaintiff achieves only partial or limited success.  *Hensley*, 461 U.S at 436.  However, in civil rights cases, where plaintiffs often vindicate "important civil and constitutional rights that cannot be valued solely in monetary terms," *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989), courts are reluctant to reduce awards on the basis that the fee award is disproportionately larger than the monetary amount of Plaintiff's judgment or settlement.  *See, e.g., Beaty v. BET Holding, Inc.*, 222 F.3d 607, 612 (9th Cir. 2000) ("even a relatively small damages award contributes significantly to the deterrence of civil rights violations in the future"); *Fair Housing of Marin v. Combs*, 285 F.3d 899, 908 (9th Cir. 2002) (affirming fee award that was more than five times the damages award).

### B. Fees Sought

For counsel from the Legal Aid Society-Employment Law Center, Plaintiff's revised request seeks the following in attorney's fees and rates: 1) 724.80 hours at $510/hour for a total of $369,648.00 for Christopher Ho; 2) 302.53 hours at a rate of $320/hour for a total of $96,809.60 for Willie Nguyen; 3) 125.66 hours at a rate of $225/hour for a total of $28,273.50 for Lisa Spirakes; 4) 54.85 hours at a rate of $420 hour for a total of $23,037.00 for Christine Chung; 5) 20.60 hours at a rate of $360/hour for a total of $10,656.00 for Lewis Bossing; 6) 80.09 hours at a rate of 100/hour for a total of $8,009.00 for work performed by law clerks; and 7) 232.18 hours at a rate of $120/hour for paralegals.  For counsel from the ACLU Foundation Immigrants' Right Project Plaintiff's

---

[2] The *Kerr* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill required to perform the legal service; 4) the preclusion of other employment by the attorney due to the case; 5) the customary fee; 6) whether the fee is a contingent; 7) time limitations; 8) results obtained; 9) experience of the attorney; 10) the undesirability of the case; 11) the length of the professional relationship with the client; and 12) awards in similar cases. *Id.* at 70.

**United States District Court**
For the Northern District of California

1    revised request seeks the following in attorney's fees and rates: 1) 74.60 hours at $340/hour for a

2    total of $25,364.00 for Jennifer Chang Newell; and 2) 72.50 hours at $100/hour for a total of $7,250

3    for work performed by law students.  Finally, Plaintiff's revised fee request includes 48.35 hours at a

4    rate of $550/hour for a total of $26,592 for Richard M. Pearl of the Law Office of Richard M. Pearl

5    related to this Motion.  Plaintiff seeks costs and expenses totaling $40,524.45.

6            **C.      Reasonableness of Rates Sought**

7            "The fee applicant has the burden of producing satisfactory evidence, in addition to the

8    affidavits of its counsel, that the requested rates are in line with those prevailing in the community

9    for similar services of lawyers of reasonably comparable skill and reputation." *Jordan*, 814 F.2d at

10   1263.

11               **1.      Christopher Ho**

12           Christopher Ho is a 1987 graduate of Stanford Law School.  (Declaration of Christopher Ho

13   in Support of Plaintiff's Motion for Award of Reasonable Attorneys' Fees, ("Ho Decl.") ¶ 3.)  Mr.

14   Ho joined LAS-ELC in 1990, after completing two public interest fellowships.  (*Id.*)  Mr. Ho's

15   practice at LAS-ELC focuses on workplace discrimination against members of racial and national

16   origin minorities, and he has been lead counsel in a number of such cases. (*Id.* at ¶ 5.)

17           As evidence of the reasonableness of his requested $510/hour rate, Plaintiff submits

18   declarations by Mr. Ho as well as declarations by attorneys Jenny Huang, James C. Sturdevant and

19   Richard Pearl.  In his declaration, Mr. Ho asserts that his requested rate is comparable to rates in the

20   area charged by for-profit attorneys doing comparable work as well as rates utilized by comparable

21   non-profit public interest organizations.  (*Id.* at ¶ 41.)  Plaintiff also points out that this billing rate is

22   comparable to that of other attorneys with similar experience at local plaintiffs' employment law

23   firms.  (Sturdevant Decl. ¶ 39; Pearl Decl., ¶¶8-12).

24           James Sturdevant is a principal of Sturdevant Law Firm and a 1972 law school graduate with

25   over 30 years experience litigating employment discrimination and complex and class action cases.

26   (Sturdevant Decl. ¶¶ 4-5).  Based on his personal knowledge of the hourly rates charged by law

27   firms for comparable work, "plaintiff's counsel's rates are well within the range charged by

28

United States District Court

For the Northern District of California

1    comparably qualified attorneys for similar litigation." (*Id.* at ¶ 39.)  His own rate is $625 per hour.

2    (*Id.* at ¶ 40.).

3         In light of the evidence presented by Plaintiff, the Court is not persuaded by Defendants'

4    assertion that Mr. Ho's rate should be reduced to $450/hour.  First, the requested  rate of $510/hour

5    is in line with *Pande v. ChevronTexaco Corp.*, 2008 WL 906507 (N.D.Cal. 2008), in which this

6    Court awarded $575/hour for an attorney with just four additional years of experience.  Although

7    Defendants cite *Miller v. Viacorp Restaurants, Inc.*, 2004 WL 212021 (N.D. Cal. 2004), and *Singh v.*

8    *Jutla*, N.D. Cal. Case No. C 02-01130 (order of 06/08/04), as supporting a lower rate for Mr. Ho,

9    these cases were decided based on 2003 and 2004 billing rates, and are therefore unpersuasive.

10        Having considered the evidence and arguments of the parties, and taking into account Mr.

11   Ho's extensive experience in litigation employment discrimination matters as well as the increase in

12   billing rates from year to year, the Court concludes that the requested rate of $510/hour for Mr. Ho

13   is reasonable.

14                    **2.       Christine Chung**

15        Christine Chung is a 1996 graduated of the University of Michigan Law School. (Ho Decl. ¶

16   43.)  Before joining LAS-ELC in 2007, Ms. Chung was the Senior Staff Attorney for Litigation at

17   the Asian Pacific American Legal Center of Southern California, where she litigated numerous cases

18   on behalf of low-wage immigrant workers.  (*Id.*) In this case, Ms. Chung worked on the drafting and

19   negotiation of the settlement agreement.  (Ho Decl. ¶ 31.)

20        As support for the requested $420/hour billing rate for Ms. Chung, Plaintiff cites Ms.

21   Chung's specialized skill experience in employment discrimination.  (Ho Decl. ¶ 43.)  In addition to

22   Sturdevant's declaration regarding the reasonableness of Plaintiff's counsels rates with respect to

23   rates charged in the community,  Plaintiff also cites the declaration of Richard Pearl.  Pearl is a 1969

24   graduate of the University of California, Berkeley, Boalt Hall School of Law.  (Pearl Decl. ¶ 2.)

25   Pearl declares that cases decided in 2008 that have awarded attorneys with 11-13 years experience a

26   range of $375-450/hour, and the 2008 billing rates of local law firms charging $425-600/hour for

27   attorneys with 11-13 years experience.  (Pearl Decl., ¶ 10(a)(b).)

28

                                            6

United States District Court

For the Northern District of California

1    Defendants assert that a reasonable rate for Ms. Chung is $350/hour. As support for this rate,

2    Defendants point out that this Court's recent decision in *Pande* awarded an attorney with one more

3    year of experience than Chung $400/hour.  *Pande* at 5, 2008 WL 906507 at * 5.  In response,

4    Plaintiff notes that the requested rate is nonetheless reasonable because *Pande* was based on 2007,

5    not 2008 billing rates, and the difference in 2007 and 2008 rates can be accounted for by inflation in

6    legal rates.  (Reply Pearl Decl., ¶ 10-11.)

7    In consideration of the differential between 2007 and 2008 billing rates, and the similarities

8    between Ms. Chung experience and the attorney with comparable experience in *Pande*, the Court

9    finds that $400/hour is a reasonable rate for Ms. Chung.

10               **3.    Lewis Bossing**

11    Plaintiff seeks a rate of $360/hour for Lewis Bossing.  Mr. Bossing graduated from New

12    York University School of Law in 1999. (Ho Decl., ¶ 44.)  After graduation he clerked for the Sixth

13    Circuit and worked as a trial attorney at the United States Department of Justice, where he

14    specialized in Disability Rights.  (Ho Decl., ¶ 44.)  Defendants note that this Court in *Pande* granted

15    a 2004 graduate $200/hour and a 1994 graduate $400 an hour.  Because Mr. Bossing's experience

16    lies somewhere between those two attorneys, Defendants argue he should be granted no more than

17    $280/hour.

18    Having considered the evidence and arguments of the parties, as well as this Court's decision

19    in *Pande*, the Court concludes that a reasonable rate for Mr. Bossing is $300.00/hour.

20               **4.    Jennifer Chang Newall**

21    Jennifer Chang is a 2003 graduated of Stanford Law School.  (Chang Decl.,¶ 5.)  Since

22    graduation, she has worked solely for the ACLU Immigrant Rights Project.  (*Id*., ¶ 2.)  Ms. Chang's

23    work at the ACLU consists primarily of cases involving the constitutional and civil rights of

24    non-immigrants.  (*Id*., ¶ 5.)  In support of Chang's requested rate of $340/hour, Plaintiff cites the

25    declaration of Mr. Sturdevant.  According to Mr. Sturdevant, Ms. Chang's requested rate of

26    $340/hour is consistent with rates charged by comparably qualified attorneys for similar work.

27    (Sturdevant Decl., ¶ 39.)

28

United States District Court

For the Northern District of California

1    Defendants argue that a $340/hour rate for Ms. Chung is excessive and that a rate of

2    $210/hour is reasonable in light of this Court's ruling in *Pande*.  In *Pande*, the Court awarded

3    Audrey Walton-Hadlock, an attorney with three years experience a rate of $200/hour.  *Pande*, 2008

4    WL 906507 at *5.  However, in the Reply, Plaintiff asserts that Ms. Chang's requested rate is in line

5    with rates charged by law firms for a fifth year attorneys.  (Reply Appendix A, p. 6.)

6    Having considered the evidence and arguments of the parties, the Court concludes that a

7    reasonable rate for Ms. Chang is $240/hour.

8        **5.**    **Willie Nguyen**

9    Willie Nguyen is a 2001 graduate of UCLA School of Law.  (Ho Decl. ¶ 45.)  Before

10    becoming a staff attorney at LAS-ELC, Mr. Nguyen was a litigation fellow there.  (*Id.*)  Plaintiff

11    asserts that $350/hour for Mr. Nguyen is reasonable in light of his specialized experience and

12    prominent role in the case.  (Ho Decl. ¶ 45.) In their Opposition, Defendants assert that Mr.

13    Nguyen's requested rate of $320/hour is excessive and should be reduced to $250/hour.   As support

14    for this lower rate, Defendants note that this Court in *Pande* awarded an attorney with three years

15    experience $200/hour.  Pande, 2008 WL 906507 at *5.  In light of Mr. Nguyen's  seven years

16    experience as compared, Defendants argue that a slightly hirer rate of $250/hour is reasonable.   In

17    support of Mr. Nguyen's request rate, Plaintiff cites the Reply Declaration of Richard Pearl, who

18    notes that the difference between rates charged in the community for a third year versus a seven year

19    attorney vary by as much as $120, as well as noting the difference in rates between 2007 and 2008.

20    (Reply Pearl Decl., ¶¶ 10-12.)

21    Having considered the evidence and arguments of the parties, the Court concludes that a

22    reasonable rate for Mr. Nguyen is $275/per hour.

23        **6.**    **Lisa Spirakes**

24    Lisa Spirakes is a 2006 graduate of UCLA law school.  (Ho Decl., ¶ 45.)  Her work in this

25    case consisted primarily of discovery and witness development.  (Reply Ho Decl., ¶ 4; Ho Decl. ¶

26    31.)  In support of Plaintiff's requested rate of  $225/hour for Ms. Spirakes, Plaintiff asserts that

27    associate rates in the Bay Area generally start higher then $225.  (Plaintiff's Reply Appendix A at

28

United States District Court

For the Northern District of California

5.) Defendants argue, however, that as an attorney with only two years experience, the rate for Ms. Spirakes should be less than the rate set in *Pande* for an attorney with three years experience, which was $200/hour. *Pande*, 2008 WL 906507 at *5. Accordingly, Defendants argue that Ms. Spirakes should receive a rate no great than $150/hour.

Based on Ms. Spirakes experience, and the Court's previous decision in *Pande*, the Court finds that a reasonable rate for Ms. Spirakes is $175/hour.

### 7.    Law Clerks

Plaintiff seeks fees at a rate of $100/hour for law clerks and law students who worked on the case. Defendants do not dispute this rate, and the Court find that $100/hour rate for law clerks is reasonable.

### 8.    Ann Blankenship

Plaintiff initially sought fees at a rate of $150/hour for paralegal Ann Blankenship, noting that such a rate is "in line" with local rates. (Pearl Decl. ¶ 10.) Mr. Ho also notes Ms. Blankenship's extensive paralegal experience before joining LAS-ELC in 1999. (Ho Decl., ¶ 47.) In their Opposition, Defendants again cite this Court's decision in *Pande*, which indicated that the "standard rate for paralegal support in the Bay Area is around $120.00/hour." *Pande*, 2008 WL 906507 at *6 (*citing Petroleum Sales, Inc. v. Valero Refining Co.*, 2007 WL 2694207 (N.D. Cal. September 11, 2007). However, Defendants argue that because in *Pande* this Court adjusted the paralegal's rate upward to reflect her excellent work in the case, here that rate should be adjusted downward to $100/hour to reflect Ms. Blankenship's excessive billing.

In her Reply Brief, Plaintiff reduced Ms. Blankenship's requested rate to $120/hour. The Court finds that $120.00 is a reasonable rate for Ms. Blankenship.

### 9.    Richard Pearl

Richard Pearl graduated from the University of California's Boalt Hall School of Law in 1969. (Pearl Decl., ¶ 2.) Since 1982, Mr. Pearl's practice has been a general civil litigation and appellate practice, with an emphasis on attorneys' fees cases and appeals. (*Id.*) Mr. Pearl is the author of numerous articles on attorneys' fees issues and has been counsel in over 140 attorneys'

1   fees applications, both in state and federal court. ( *Id.* at ¶ 4.)  As a solo practitioner, Mr. Pearl's

2   current billing rate is $550 an hour and that is the rate sought for Pearl's fees in this action.  In his

3   declaration, Mr. Pearl states his rates have been found reasonable by several courts, and also submits

4   a list showing the rates for attorneys of similar experience at several local law firms.  (Pearl Decl., ¶

5   6, 10.)  Specifically, Mr. Pearl points to several recent cases where attorneys of his experience were

6   awarded a range of $535 - $725 per hour, and many local law firms that pay an attorney of his

7   experience a range of $550 - $700 per hour.  (Pearl Decl., ¶ 10.)   In his Reply Declaration, Mr. Pearl

8   notes that this rate was recently found to be reasonable in *Camacho v. Bridgepoint Financial, Inc*.,

9   N.D. Cal. No. C-04-00478 CRB. (Pearl Reply Decl., ¶ 8 and Exh. F.)

10        Defendants argue that in light of the fact that Mr. Pearl employs "canned" pleadings, the

11   requested rate of $550/hour is excessive.  Defendants also argue that his rate should be reduced

12   because $550/hour is greater than what Mr. Pearl actually charges the LAS-ELC for his work on the

13   case.

14        Defendants have failed to produce persuasive evidence in this matter.  In light of the recent

15   decision in *Camacho* awarding Pearl $550/hour, and his special expertise in the subject matter, his

16   requested fee is well grounded.  Accordingly, the Court finds that the requested fee of $550/hour is a

17   reasonable rate for Mr. Pearl.

18            **10.    Billing Rate Adjustment**

19        Finally, Defendants argue that the court should lower the requested billing rates for all of

20   Plaintiff's attorneys' because most of the work was performed in 2006 and 2007, not 2008. *See, Bell*

21   *v. Clackamus County*, 341 F.3d 858, 860 (9th Cir. 2003) (noting that courts have discretion to apply

22   the rates in effect at the time the work was performed).  Although courts have discretion to adjust

23   rates, such an adjustment is not required in every case.  Instead, courts must look at the

24   reasonableness of the fee in light of all the circumstances, including delay in payment, to determine

25   if an adjustment is necessary.  *Jordan*, 815 F.2d at 1262 n.7.

26        Here, the Court has already adjusted downward the requested rates of many of Plaintiff's

27   attorneys.  Therefore, the Court finds that a further reduction of Plaintiff's attorneys' rates is

28

10

1   unnecessary.

2          **C.**      **Reasonableness of Time Billed**

3          **1. Lack of Monthly Billing Oversight**

4   Defendants assert that Plaintiff's attorneys' claimed hours should be given greater scrutiny

5   because unlike a private law firm, no one representing a (paying) client reviewed the attorneys' bills

6   on a regular basis.  In response, Plaintiff argues that counsel expended only the hours that were

7   necessary to win the case.  In addition, Plaintiff notes that in *Moreno*, the court found that lawyers

8   hired on contingency are less likely to spend unnecessary hours on the case because the payoff is too

9   uncertain.  *Moreno*, 534 F.3d at 1112.

10   Although as non-profit lawyers Plaintiff's counsel were not hired on contingency like the

11   lawyers in Moreno, Defendants cite no authority supporting a reduction of hours based on the lack

12   of monthly billing oversight.  Accordingly, the Court refuses to reduce the time-billed by Plaintiff's

13   counsel to reflect the lack of billing oversight.

14          **2.**      **Duplicative Hours**

15   Defendants assert that certain hours billed by Plaintiff's attorneys for attending depositions,

16   client meetings, settlement conferences, case management conferences and a site inspection visit

17   should be stricken as unnecessary duplicative work. The Court agrees that some of the time billed is

18   duplicative and unreasonable and accordingly makes the reductions set forth below.

19          *a)*      ***Time Spent at Depositions by Mr. Ho and Mr. Nguyen***

20   Defendants argue that the court should strike 24.92 hours of Mr. Nguyen's time billed for

21   attending depositions on March 15, and April 18, 2008, which were also attended by Mr. Ho.

22   Plaintiff responds that having two attorneys attend these particular depositions was necessary

23   because: 1) they involved a key witness, and 2) Mr. Nguyen's need to know the testimony for his

24   work.  (Reply Ho Decl., ¶ 23.)

25   Having considered the evidence and arguments of the parties, the Court finds that billing for

26   two attorneys to attend these depositions is excessive.  Plaintiff does not state why these particular

27   witnesses were important, nor why Mr. Nguyen could not get the information he needed by

28

**United States District Court**
For the Northern District of California

1  reviewing the deposition transcripts.  Accordingly, the Court concludes that it is appropriate to

2  reduce Mr. Nguyen's time by 24.92 hours.

3         **b)    *Time Spent at Client Meetings, Mediations, and Case Management***
         ***Conferences by Mr. Ho and Mr. Nguyen***

4

5         Defendants argue that time billed by both Mr. Ho and Mr. Nguyen for attending the same

6  mediations, client meeting, and case management conference are duplicative and should be reduced

7  accordingly.  In response, Plaintiff asserts that it is reasonable for two attorneys to attend such

8  proceedings due to the long duration of the case, and the common practice of dividing work between

9  a team of attorneys.

10        After considering the evidence and arguments of the parties, the Court finds that Plaintiff has

11 failed to prove that two attorneys were needed for these proceedings.  Accordingly, 34.05 hours of

12 Mr. Nguyen's time will be reduced.

13        **c)    *Client Meeting Attended by Mr. Ho and Ms. Chung to Discuss Settlement***

14        Defendants assert that the court should strike 7 hours billed by Mr. Ho for attending a client

15 meeting also attended by Ms. Chung, who billed 5.9 hours.  Plaintiff responds Ms. Chung's presence

16 was necessary because she had drafted the settlement agreement and was therefore best situated to

17 explain it to the client.  (*Id.*, ¶ 5).  Plaintiff's argues that Mr. Ho's presence was also necessary

18 because he was lead counsel on the case and more familiar with the facts than Ms. Chung.  (*Id.*)

19        Having considered the evidence and arguments of the parties, the Court is not persuaded that

20 both attorneys were needed at this meeting. Mr. Ho is an attorney with 21 years of experience.  As

21 such, he is amply qualified to attend a client meeting and explain settlement terms on his own.

22 Accordingly, the Court reduces Ms. Chung's time by 5.9 hours.

23        **d)  *Time Spent at Site Inspection by Mr. Nguyen and Ms. Spirakes***

24        Defendants assert that 4.7 hours of Mr. Nguyen's time billed for a site inspection also

25 attended by Ms. Spirakes should be reduced.  Plaintiff failed to respond to this objection.

26        Accordingly, the Court will reduce 4.7 hours of Ms. Spirakes' time.

27

28

United States District Court
For the Northern District of California

12

United States District Court

For the Northern District of California

**3.  Hours Claimed by the ACLU Attorneys and Law Clerks Familiarizing Themselves with the Case**

Defendants assert that 2.2 hours of time billed by Ms. Chang and 6.75 hours billed by the two ACLU law clerks should be stricken because it amounted to "coming up to speed" on the case. Ms. Chang responds that the 2.2 hours were necessary to perform subsequent tasks, including identifying issues for experts and identifying further discovery.  (Reply Chang Decl. ¶ 7.) "Necessary duplication-based on the vicissitudes of the litigation process-cannot be a legitimate basis for a fee reduction."  *Moreno*, 534 F.3d at 1113.  Having considered the evidence and arguments of the parties, the Court is not persuaded that this time was unnecessary.  Once Plaintiff made the decision to staff the case with ACLU attorneys, it was necessary for these attorneys to familiarize themselves with the case.  According, the Court finds these hours to be reasonable.

**4.  Minor Accounting Errors by Plaintiff**

Defendants assert that there is a discrepancy between the declaration of Mr. Ho and the summary of Attorney Fee Claims (See Pl's Mot., App. A.) with respect to the hours of Mr. Nguyen and Ms. Spirakes.  According to Defendants' calculation, the total hours for both Mr. Nguyen and Ms. Spirakes should be reduced by 1 hour each.  Plaintiff fails to respond to this argument. According, the Court will reduce Mr. Nguyen's and Ms. Spirakes' time by 1 hour each.

**5.  Time Billed for Depositions**

*a) Summarizing Depositions*

Defendants argue that Ms. Blankenship's entries relating to summarizing depositions are excessive and should be reduced by 75 percent.  According to Defendants' calculations, Ms. Blankenship spent 242.91 of Ms. Blankenship's hours summarizing just six deposition transcripts. In response, Mr. Ho notes that Plaintiff's fee requests already reflects a 33% reduction Ms. Blankenship's time billed.  (Reply Ho Decl. ¶ 26.)  Furthermore, Mr. Ho asserts that these depositions summaries were essential to litigating the case.  (*Id.*)  However, in the exercise of billing judgment, Plaintiff agrees to reduce Ms. Blankenship's total time by 50%, resulting in an additional reduction of 77.4 hours from Plaintiff's original claim.  (*Id.*)

United States District Court

For the Northern District of California

1    The Court agrees with Defendants that the time billed by Ms. Blankenship for summarizing

2  depositions is excessive.  However, in light of the fact that Plaintiff has agreed to seek only 50% of

3  Ms. Blankenship's total time, the Court finds that no further reduction of this time is necessary.

4                    *b)*       ***Reviewing Deposition Transcripts and Summaries***

5    Defendants claim that the 36.6  hours for Mr. Ho and 12.82 hours for Mr. Nguyen for

6  reviewing deposition summaries and transcripts is excessive and should be reduced significantly.

7  Defendants also claim that 27.55 hours billed by ACLU attorneys (17.3 hours) and law clerks

8  (10.25) for reviewing the same depositions should be stricken completely as unnecessary and

9  duplicative.

10    In response Mr. Ho argues that deposition summaries are created to be reviewed by

11  attorneys, and that it would be "professionally remiss" for he and Mr. Nguyen to not review them.

12  (Reply Ho Decl., ¶ 6.)  As for also reviewing deposition transcripts, Mr. Ho claims that this was

13  necessary to ensure that nothing of importance was overlooked in the summary. (*Id.*)  In addition,

14  Plaintiff asserts that the ACLU attorney and law clerks needed to review the same depositions in

15  order to identify areas of additional discovery, prepare discovery pleadings, and prepare for witness

16  interviews and depositions.  (Reply Chang Decl. ¶¶ 8, 13, 14.)

17    After considering the evidence and arguments of the parties, the Court finds that Plaintiff has

18  failed to explain adequately why all the time billed for reviewing depositions and summaries was

19  necessary.  Therefore, the Court will reduce the hours requested by each attorney for this task by

20  approximately one third.  Accordingly, Mr. Ho's time is reduced by 12.6 hours, Mr. Nguyen's time

21  by 4.12 hours, Ms. Chang's by 5.3 hours, and law clerks by 3.42 hours.

22                    *c)*       ***Time Spent Preparing the Declaration and Deposition of Zhi Guo***

23    Defendants assert that 24.97 hours billed by Mr. Ho, Ms. Spirakes and Ms. Donaldson for

24  drafting a declaration and preparing for the deposition of witness Zhi Quan Guo was completely

25  unnecessary and should be stricken.  Defendants argue that this time should be eliminated because

26  ultimately the declaration was never signed and the deposition never taken.  Defendants assert that

27  Mr. Guo was threatened by members of Plaintiff's office to appear for his deposition, which should

28

14

1   also weigh in favor of reducing or eliminating these hours.

2        Plaintiff responds that all time attributed to the deposition and declaration of Mr. Guo is

3   justified.  (Reply Ho Decl., ¶ 7.)  As a custodian who was also denied employment by OUSD

4   because of its language policy, Mr. Guo was potentially an important witness in the case.  (Id.)  Mr.

5   Guo initially agreed to have his deposition taken but later refused.  (*Id.*)  According to Mr. Ho's

6   declaration, Mr. Guo became upset after learning that the statute of limitations had run on his own

7   claim against OUSD, and as a result no longer wished to help Ms. Saephan with her case.  (*Id.*)

8        After considering the evidence and arguments of the parties, the Court finds that the time

9   spent by Plaintiff's counsel in preparing for Mr. Guo's deposition and drafting his declaration was

10   reasonable.  Although ultimately unsuccessful in using Mr. Guo as a witness, Plaintiffs' counsel's

11   efforts to do so were nonetheless reasonable.  *See Planned Parenthood v. Arizona*, 789 F.2d 1348,

12   1352 (9th Cir. 1986), *aff'd* 479 U.S. 925 (1987).  Accordingly, the time billed by Plaintiff's counsel

13   related to Mr. Guo will not be reduced.

14              ***d)***      ***Time Spent Preparing and Taking Depositions***

15        Lastly, Defendants assert that the time billed for preparing for depositions was excessive and

16   should be reduced.  According to Defendants, Mr. Ho billed 81.7 hours for preparing and an

17   additional 51.1 hours for attending depositions.  Mr. Nguyen billed 50.78 hours for preparing and

18   46.52 hours for attending depositions.  Paralegal Ann Blankenship billed 35.32 hours for preparing

19   for depositions.  In response, Mr. Ho declares that preparing to take a deposition, as opposed to

20   defending a deposition, is a time consuming and detail-oriented process.  (Reply Ho Decl., ¶ 8.)

21   Furthermore, Ho asserts that because each witness can generally only be deposed once,  preparation

22   is necessary to ensure that "all conceivable areas of that person's relevant knowledge are anticipated

23   and exhausted."  (*Id.*)  In Mr. Ho's experience, every hour of actual deposition time requires at least

24   two hours of preparation. (Reply Ho Decl., ¶ 9.)

25        In *Chaid v. Glickman*, this Court examined the reasonableness of time billed attributed to

26   deposition preparation.  1999 WL 3329240 (N.D.Cal 1999) at *10.  In reviewing such time, this

27   Court considered both the importance of the witness and the documents required to be viewed prior

28

United States District Court
For the Northern District of California

1   to the deposition. *Id.*   Having reviewed the submissions of the parties, the Court finds that the time

2   attributed to deposition preparation by Mr. Ho and Mr. Nguyen is excessive, and that one hour of

3   preparation for each hour of deposition is reasonable.  In accordance with this ruling, the Court

4   reduces Mr. Ho's time attributed to deposition preparation by 30.6 hours, and Mr. Nguyen's time

5   from by 4.26 hours.  Ms. Blankenship's time for deposition preparation will not be reduced, as her

6   total time has already been reduced by Plaintiff by fifty percent.

7                   **6.      Time Preparing Interrogatories and Document Requests**

8         Defendants assert that the 28.9 hours requested by Plaintiff for drafting 25 interrogatories

9   and 40 requests for production is excessive and should be reduced.  In addition, Defendants argue

10   that the 71.96 hours requested by Plaintiff for responding to Defendants' 43 interrogatories and 40

11   requests for production is also excessive and should be reduced.

12         Plaintiff responds that time spent propounding discovery is justified because Plaintiff sent

13   three separate sets of interrogatories and six separate production requests at different intervals in the

14   case, each requiring separate conceptualization and drafting.  (Ho Reply Decl., ¶ 10.)   In terms of

15   responding to discovery, Plaintiff asserts that because counsel could only speak to Ms. Saephan

16   through a translator, the time spent on this task is reasonable.  (*Id.*, ¶ 11.)  In addition, due to Ms.

17   Saephan's unfamiliarity with the legal system, extra time was necessary to explain to her why the

18   requested information was necessary.  (*Id.*)

19         The Court has reviewed the interrogatories and requests for production propounded by

20   Plaintiff on Defendants.  (Smith Decl., Exh C.)  In light of the number and nature of interrogatories

21   submitted, the Court finds that the amount of time billed for this task is excessive.  The total time

22   spent on this task should not have exceeded ten hours.  Accordingly, the Court reduces Mr. Ho's

23   time by 15.9 hours, Mr. Nguyen's time .4 of an hour, and Ms. Chang's time by 1.8 hour.

24         The Court also finds that 71.96 total hours to respond to 43 interrogatories and 40 requests

25   for production is excessive.  Although Plaintiff had to communicate through an interpreter, this task

26   could have been accomplished in half the time.  Accordingly, the Court reduces Plaintiff's counsel's

27   time for this task as follows:  Ms. Spirakes' time is reduced by 28.6 hours; Mr. Ho's time by 7.7

28

1    hours; and Mr. Nguyen's time by 2 hours.

2                    **7.    Time Spent Opposing Defendants' Motion to Dismiss**

3           Defendants argue the 13.2 hours requested by Plaintiff for opposing Defendants' 2006

4    Motion to Dismiss was completely unnecessary and should be stricken.  In support of their position,

5    Defendants assert that after filing their motion, Plaintiff for the first time submitted with her

6    opposition documents from the California Department of Fair Employment and Housing ("DFEH").

7    According to Defendants, these documents rendered its motion moot, and the motion was

8    voluntarily withdrawn shortly thereafter.   Defendants assert that the information in these documents

9    should have been included in her FRCP Rule 26 initial disclosures.   Had she done so, Defendants

10   claim they would not have filed the Motion to Dismiss and therefore no opposition would have been

11   necessary.

12          In response, Plaintiff refutes Defendants' contention that she failed to timely submit

13   documents from the DFEH.   (Ho Reply Decl., ¶ 13.)  In addition, Mr. Ho asserts that

14   notwithstanding the fact that Plaintiff's counsel did not disclose the documents until after

15   Defendants' motion was filed, Defendants would have already been on notice because the same

16   information could have been found in the internal complaint submitted by their client to  the OUSD

17   shortly after OUSD refused to re-hire her.  (*Id.*, ¶¶14-16.)  The Court agrees.  Therefore, the time

18   billed by Plaintiff's counsel for responding to Defendants' motion to dismiss was reasonable and will

19   not be reduced.

20                    **8.    Time Spent on Settlement and Mediation**

21          Defendants argue that the 40.4 hours requested for drafting and editing the settlement

22   agreement is excessive because much of the agreement contains standard language found in most

23   agreements.  In addition, Defendants argue that the 18.4 hours for Mr. Ho and 8.5 hours for Mr.

24   Nguyen attributed to preparing, reviewing, and editing mediation statements should be reduced

25   because after the initial mediation statement was submitted, few revisions would have been

26   necessary.

27          Plaintiff responds that contrary to the contention that much of the agreement contains

28

17

standard "form" language,  such language was not in Defendants' original proposal and had to be

negotiated into the agreement.  (Reply Ho Decl., ¶ 17.)  Plaintiff also notes that much of the time

was spent on confidential portions of the settlement agreement, which are more complex but which

cannot be explained without breaching confidentiality.  (*Id.*)  As for the settlement and mediation

briefs, Plaintiff asserts that because previous efforts to settle the case on acceptable terms had been

unsuccessful, it was necessary to spend time updating and revising these briefs in order to obtain an

agreement, which was eventually achieved.  (*Id.* at ¶ 18.)

After considering the evidence and arguments of the parties, the Court finds that the time

requested by Plaintiff for drafting and revising the settlement agreement is reasonable.

### 9.  Other Time Disputed by Defendants

#### a)  *Time Billed by Paralegal Ann Blankenship*

Defendants assert that additional time billed by paralegal Ann Blankenship either supports an

across the board reduction of 75% of her time, or should be eliminated.  Specifically, Defendants

contend that the 21 hours Ms. Blankenship claims for preparing documents for production is

excessive because only 354 pages of documents were produced to Defendants. Defendants also

disputes the 49.5 hours attributed to coding documents and the "OCR database project," as well as

apparently duplicative entries submitted for March 21 and March 28, 2006.

Because Plaintiff has already agreed to reduce Ms. Blankenship's time by 50%, the Court

finds that no further reduction is necessary.

#### b)  *Time Billed by Lewis Bossing to Prepare Joint Discovery Brief*

Defendants argue that the 8.6 hours Mr. Bossing attributes to preparing a second joint

discovery letter is excessive because the letter contains much of the same language contained in the

first discovery letter.  In response, Plaintiff asserts that this time reflects time spent on specific

discovery questions not at issue when the first letter was written.  (Reply Ho Decl., ¶ 20.)

After reviewing the letter from Mr. Bossing, the Court finds that 8.6 hours for this task is

excessive.  Accordingly, the Court reduces Mr. Bossing's time for this task by 6.6 hours.

**United States District Court**

For the Northern District of California

18

1

               *c)*       ***Time Spent Preparing Saelee Declaration***

2

       Defendants argue that the 19.27 hours of time spent by Ms. Donaldson preparing and

3

drafting the declaration of Mr. Saelee is excessive on its face and should be reduced.  Plaintiff

4

responds that this time was necessary because a translator was needed to communicate with Mr.

5

Saelee.

6

       After considering the evidence and arguments of the parties, the Court finds that 19.27 hours

7

for this task is excessive.  Accordingly,  the Court will reduce Ms. Donaldson's time spent on this

8

task by 12.27 hours.

9

               *d)*       ***Time Billed by Mr. Ho***

10

       Defendants assert that the 13.7 hours billed by Mr. Ho for preparing Plaintiff's request for

11

admissions and reviewing Defendants' responses to the same are excessive because the requests

12

were "patently improper in form and substance."  Plaintiff responds that these requests were proper

13

attempts to narrow the issues for trial.  (Reply Ho Decl., ¶ 21.)  Based on this Court's familiarity

14

with the case and the difficulty of the task, the Court does not find the time spent on this task to be

15

unreasonable.

16

       Defendants also assert that Mr. Ho's 0.6 hours for preparing a motion to amend the original

17

complaint and Ms. Chang's 7.4 hours for same should be eliminated because Mr. Ho had previously

18

declared that all time "related to legal claims that were considered but ultimately not pursued," had

19

been struck.  (Ho Decl., ¶ 36(b)).  Because Plaintiff fails to respond to this argument, the Court will

20

eliminate these hours.

21

       Next, Defendants dispute 6.45 hours billed by Mr. Ho for recreating lost proof plans/grids.

22

In the Reply, Plaintiff agreed to eliminate these hours from her fee request.  (Reply Ho. Decl., ¶ 25.)

23

Defendants also dispute the 5.55 hours billed by Mr. Ho for a client meeting on June 18, 2008,

24

because this meeting occurred after settlement had been reached and the stipulated order entered.  In

25

response, Mr. Ho asserts that given the need for a translator and Ms. Saephan's unfamiliarity with

26

the legal system, it was appropriate for him to travel to Sacramento to meet with his client face to

27

face.  (Reply Ho Decl., ¶ 22.) The Court finds that the time billed for a final client meeting was

28

1   reasonable and appropriate in order to explain the terms of the settlement.  Accordingly, no time will

2   be eliminated for this task.

3        Finally, Defendants assert that Mr. Ho has improperly billed 0.4 hours of time for tasks that

4   he disclaimed in other instances, such as a meeting relating to a co-counseling agreement and time

5   related to service of a subpoena.  Because Plaintiff fails to respond to this request, the Court will

6   eliminate 0.4 hours from Mr. Ho's time.

7                        *e)*        ***Time Billed by Mr. Nguyen***

8        Defendants argue that the 13.9 hours spent by Mr. Nguyen preparing an initial litigation

9   memorandum is excessive on its face and should be eliminated.  In response, Plaintiff asserts that the

10  memorandum both served as a blueprint for the case and was necessary to fulfill counsel's FRCP 11

11  obligations.  (Reply Ho Decl., ¶ 23.)

12       Having considering the evidence and arguments of the parties, the Court finds that the time

13  attributed to this task was reasonable and therefore no time will be eliminated.

14                       *f)*        ***Time Billed by ACLU Attorneys and Law Clerks***

15       Defendants argue that just as Mr. Ho eliminated his time relating to the co-counseling

16  agreement, the 1.3 hours billed by Ms. Chang for the same should also be eliminated. In addition,

17  Defendants assert that 1.25 hours billed by ACLU law clerks should be eliminated due to vague time

18  entries and that the 21.25 hours billed for "proof grids" is excessive and should be reduced.   In

19  response, Plaintiff agrees to eliminate the 1.3 hours billed relating to the co-counseling agreement.

20  (Reply Chang Decl., ¶ 11.)  As to the disputed law clerk entries, Ms. Chang further explains these

21  entries and notes that the "proof grids" prepared by Ms. Drew greatly assisted the attorneys in

22  understanding the case and developing case strategy.  (*Id.* at ¶ 13.)

23       After considering the evidence and arguments of the parties, Court does not find the disputed

24  time entries to be vague or the time requested for preparing proof grids unreasonable.  As Plaintiff

25  has already agreed to reduce Ms. Chang's time by 1.3 hours, the Court finds that no further

26  reduction is necessary.

27

28

**United States District Court**
For the Northern District of California

**D.    Across the Board Lodestar Adjustment**

Finally, as an alternative to an hour-by-hour analysis of Plaintiff's fee request,  Defendants request that the Court make an "across-the-board" fifty percent reduction of Plaintiff's timekeeper's hours.  Defendants assert that such a reduction is warranted because of Plaintiff's "unnecessary, duplicative and excessive billing." Defendants rely on  primarily on *Gates*, 987 F.2d at 1400, and *Ferland v. Conrad Credit Corp.*, 224 F.3d 1145, 1151 (9th Cir. 2001) as support for this reduction. Although *Gates* and *Ferland* do allow district courts to make across the board cuts, such cuts require the court to "set forth a 'concise but clear' explanation of its reasons."  *Gates*, 987 F.2d at 1400. Furthermore, as Plaintiff points out in her Reply Brief, the Ninth Circuit's more recent decision in *Moreno* further limits a district court's ability to apply "across-the-board" percentage cuts.  "[T]he district court can impose a small reduction, no greater than 10-percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno*, 534 F.3d at 1112.

The Court disagrees with Defendants that an across-the-board percentage cut of Plaintiff's timekeeper's hours is warranted, let alone a percentage cut as great as fifty percent.  Although this Court has found some of Plaintiff's time entries duplicative or excessive, the Court has eliminated such time on an hour-by-hour basis.

**IV. CONCLUSION**

For the reasons stated above, the Court awards the following in fees:

| Attorney | Hourly Rate | Allowable Hours | Total Fees |
|---|---|---|---|
| LAS-ELC: | | | |
| Christopher Ho | $510 | 657 | $335,070.00 |
| Willie Nguyen | $275 | 231.78 | $63,739.00 |
| Lisa Spirakes | $175 | 91.70 | $16,047.50 |
| Christine Chung | $400 | 48.95 | $19,580.00 |
| Lewis Bossing | $300 | 23.00 | $6,900.00 |
| Law Clerks | $100 | 64.4 | $6,440.00 |
| Paralegals | $120 | 232.18 | $27,861.60 |

ACLU:

Jennifer Chang          $240                60.10                        $14,424.00

Law Students            $100                72.5                         $7,250.00

Law Office of Pearl:

Richard Pearl           $550                48.35                        $26,592.50

LAS-ELC Cost and Expenses                                               $40,524.45

**TOTAL**                                                              **$564,429.55**


        IT IS SO ORDERED.

Dated: February 10, 2009

_____

JOSEPH C. SPERO
United States Magistrate Judge